Katharine L. Knox, Respondent, v. Henry Nobel, Appellant.

*The appointment of a minor as an administrator is void — jurisdiction of the surrogate — contract made by such administrator — personal liability thereon — may be repudiated — action to set aside the same — parties thereto.*

The question whether a minor can legally be appointed administratrix of her deceased husband has no relation whatever to the question as to the jurisdiction of a surrogate to grant letters of administration.

The granting of letters of administration is conclusive as to the facts upon which the jurisdiction of the court to grant letters upon the estate depends, among which facts are neither the petitioner's title nor her eligibility to the office, and while the decree of the surrogate is conclusive as to all the facts essential to his jurisdiction, it imports nothing as to the eligibility of the person to whom the letters are granted.

The jurisdiction of a surrogate to appoint an administrator does not in any way depend upon any inquiry into the age of the proposed administrator.

The appointment of a minor as an administrator of a decedent by a surrogate is absolutely void, and a contract made by such a person as administrator is void as far as it attempts to bind the estate.

A person attempting to enter into a contract in a representative capacity, having no authority to enter into the same in such capacity is bound thereby individually.

A contract entered into by a minor, unless repudiated within a reasonable time after such minor becomes of age, will bind the minor.

Where a contract was made by a minor as administratrix of an estate, she can, on coming of age, maintain an action to set aside the same, and the estate is not a necessary party to the action.

Appeal by the defendant, Henry Nobel, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of February, 1894, upon a decision of the court rendered at the New York Special Term, overruling the defendant's demurrer to the amended complaint.

*H. Hoyt*, for the appellant.

*L. Birdseye*, for the respondent.

Van Brunt, P. J.:

This action is brought by the plaintiff individually to set aside a sale attempted to be made by her as the administratrix of her deceased husband upon the ground that at the time of granting the

letters of administration she was a minor, and that the sale was made under the fraudulent representations and inducements of the defendants, and that the consideration paid was inadequate.

The main question involved upon this appeal is whether letters of administration issued by the surrogate to a minor are or are not void.

It is urged that as it is well established that the granting of letters of administration by the surrogate are conclusive as to his jurisdiction, the question as to the eligibility of the plaintiff to the office of administratrix cannot be inquired into collaterally. We think that the question as to whether the plaintiff could legally be appointed administratrix of her deceased husband, she being a minor, has no relation whatever to the question as to the jurisdiction of the surrogate to grant letters of administration, and here is where the confusion has arisen.

An examination of section 2660 of the Code as it existed at the time of the issuing of the letters of administration in question, will show that the eligibility of a petitioner to appointment as administrator has no connection with the facts upon which the jurisdiction of the Surrogate's Court to grant letters of administration upon the estate depends. The section says: " A person entitled absolutely or contingently to administration upon the estate of an intestate may present to the Surrogate's Court having jurisdiction, a written petition, duly verified, praying for a decree awarding letters of administration either to him, or to such other person or persons having a prior right, as may be entitled thereto, or in the alternative as the petitioner elects, and if necessary, that the persons required to be cited as prescribed in the next section be cited to show cause why such decree should not be made. The petition must set forth the petitioner's title " (it is clear that what is meant by this provision is the relationship under which the petitioner claims); "the facts upon which the jurisdiction of the court to grant letters of administration upon the estate depends ; and the names of the husband or wife, if any, and of the next of kin of the decedent, so far as they are known to the petitioner or can be ascertained by him with due diligence."

It is thus seen that the facts upon which the jurisdiction of the court to grant letters depend, do not include the petitioner's title,

and were not intended to include the petitioner's title, and are by the very language of the section excluded. And, therefore, when it has been held that the grant of letters of administration is conclusive as to the surrogate's jurisdiction it has only been decided that the granting of such letters is conclusive as to the facts upon which the jurisdiction of the court to grant letters upon the estate depend, and as already seen the petitioner's title is not one of them, nor is the petitioner's eligibility to the office. While, therefore, the decree of the surrogate is conclusive as to all the facts necessary for his jurisdiction, it imports nothing as to the eligibility of the person to whom the letters are issued. The statute expressly prohibits the granting of letters to a person convicted of an infamous crime, or to one incapable of making a contract, or to a person who is under twenty-one years of age, etc. Can it be said that the surrogate by his *ipse dixit* can repeal the statute, it being manifest that the question of the eligibility of the person proposed to be appointed administrator is not one of the jurisdictional facts? It would be a monstrous proposition to hold that any judicial officer can by his mere will override the express prohibitions of the statute.

The question of the age of this petitioner was in no respect presented to the surrogate for adjudication; no such issue was before him, and his jurisdiction to appoint an administrator did not depend upon any such inquiry. And in this respect the case at bar differs from those of *Roderigas* v. *East River Savings Bank* (63 N. Y. 460; 76 id. 316) and *Bolton* v. *Schriever* (135 id. 70).

In those cases the question before the surrogate was as to his right to act at all, and he having determined the question of jurisdiction, it was held that such adjudication could not be attacked collaterally. The right of the surrogate in the case at bar to appoint an administrator could not be attacked collaterally; but when he selects a person whom the statute says he shall not appoint as such administrator, after having determined to appoint such an officer, his act is absolutely void. Such was the rule laid down in *Carow* v. *Mowatt* (2 Edw. Ch. 58) in which it was held that not only was the appointment of a minor void, but he could not be called to account for any portion of the estate which he had received. It seems, therefore, reasonably clear that the appointment by the surrogate of the plaintiff was void; and that the contract, as far as

the plaintiff attempted to bind the estate of her husband, was also void.

But it is a familiar principle that a person attempting to enter into a contract in a representative capacity, having no authority to enter into such contract in such capacity, is bound individually. And hence, even if this plaintiff had no authority to enter into the contract as the administratrix of her husband, because of the invalidity of her appointment, she would have been held individually had it not been for her minority. And even if the contract was entered into at a time when she was a minor, unless repudiated within a reasonable time after she became of age, she might be held upon it. The plaintiff, by this action, comes into court and seeks to disaffirm this contract, alleging that it was entered into while she was a minor, further alleging that it was obtained by fraud, and that she seeks to avoid the personal responsibility which would arise against her because of her entry into the contract as administrator of her husband without having the authority so to act.

It seems to us that she has a right to maintain this action to relieve herself individually from any claims which might be attempted to be enforced against her. The estate which she assumed to represent has no interest in this question. It is not bound by the contract, and is not at all interested in the question as to whether the plaintiff, individually, is or is not so bound. She alone is interested in the question as to whether she is to be liable to the defendants for damages in attempting to enter into a contract without authority.

We are of opinion, therefore, that the judgment should be affirmed, with costs, with leave to defendants to withdraw demurrer, and on payment of costs of court below and of this court, to answer.

PARKER, J., concurred.

FOLLETT, J. :

I concur, with leave to withdraw demurrer, and answer on payment of costs.

Judgment affirmed, with costs, with leave to defendants to withdraw demurrer, and to answer on payment of costs in the court below and of this court.